**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:26-cv-22617-GAYLES**

**BRAYAN ALEXIS GRAMAJO-ZABALETA,**

     **Petitioner**,

**v.**

**TODD BLANCHE,  Acting Attorney General**
**of the United States, et al.,**

     **Respondents.**

_____/

**ORDER**

**THIS CAUSE** comes before the Court on Petitioner Brayan Alexis Gramajo-Zabaleta's Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory Injunctive Relief (the "Petition") against Respondents Todd Blanche, Acting Attorney General of the United States; Markwayne Mullin, Secretary of the United States Department of Homeland Security; and the Field Office Director of the Miami Office of Immigration and Customs Enforcement (together, "Respondents"). [ECF No. 1]. Petitioner challenges her detention at the Krome North Service Processing Center without being afforded an individualized bond determination. *See generally id*. Respondents filed a Response in Opposition to the Petition. [ECF No. 6]. The Court has considered the record, the parties' written submissions, and applicable law. For the following reasons, the Petition is **GRANTED IN PART**.

**I.      BACKGROUND**

**A.      Petitioner's Immigration History in the United States**

In December 2016, Petitioner, a Guatemalan national, entered the United States without inspection by walking across the southern border. [ECF No. 1, Petition, ¶¶ 30–31]. Since then,

Petitioner has been residing in the country, developed community ties, and obtained work authorization. *Id.* ¶32. She has no criminal history. *Id.* ¶ 33.

In February 2026, Petitioner was arrested at her residence. *Id.* ¶¶ 34–37. Following her arrest, Petitioner was transferred through multiple facilities across several states, including New Jersey, Louisiana, and Florida, before being ultimately placed in Immigration and Customs Enforcement ("ICE") custody in South Florida. *Id.* ¶¶ 38, 41. On March 23, 2026, an Immigration Judge denied Petitioner's request for a bond hearing on the ground that she was not entitled to a bond hearing pursuant to 8 U.S.C. § 1225(b)(2). *Id.* ¶ 45.

### B.      Petitioner's Habeas Petition

On April 15, 2026, Petitioner filed her Petition for Writ of Habeas Corpus. [ECF No. 1]. Petitioner alleges three counts: unlawful detention in violation of due process (Count I); violation of the Administrative Procedure Act (Count II); and violation of the Immigration and Nationality Act ("INA") (Count III). *Id.* ¶¶ 78–93. Petitioner asks this Court to grant his Petition for Writ of Habeas Corpus or to order that she be provided an individualized bond hearing under 8 U.S.C. § 1226(a). *Id.* at 18. On April 24, 2026, Respondents filed a Response in Opposition to the Petition, arguing that Petitioner is not entitled to an individualized bond hearing because Petitioner is detained under § 1225(b)(2), not § 1226(a). [ECF No. 6, at 3–10].

## II.      LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . ." 28 U.S.C. § 2241(a). "Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). This Court has jurisdiction over challenges involving immigration detention as to whether Petitioner is detained subject to § 1225(b)(2) or § 1226(a). *See, e.g., Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535-CIV, 2025 WL 2938369, at *2

(S.D. Fla. Oct. 15, 2025) (holding the Court has jurisdiction to decide whether petitioner is subject to § 1226(a) or § 1225(b)(2)); *Nguyen v. Parra*, No. 25-CV-25325-JB, 2025 WL 3451649, at *2 (S.D. Fla. Dec. 1, 2025) (same).

III.    ANALYSIS

  A.    **Petitioner's Detention**

The core disagreement between Petitioner and Respondents is whether Petitioner is detained under § 1225(b)(2), and is thus ineligible for bond, or § 1226(a), which allows for release on bond. Section 1225(b) governs the inspection of applicants for admission, which is defined in § 1225(a)(1) as "[a]n alien present in the United States who has not been admitted or who arrives in the United States . . . ." 8 U.S.C. § 1225. Detention for applicants for admission under § 1225(b)(2) is mandatory and, as such, an applicant for admission is ineligible for bond. *See, e.g., Nguyen*, 2025 WL 3451649, at *3 (citing *Gomes v. Hyde*, No. 25-cv-11571, 2025 WL 1869299, at *8 (D. Mass. July 7, 2025)).

In contrast to applicants seeking admission into the United States, "[§ 1226(a)] also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings. . . ." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). Section 1226(a) states that a noncitizen already present in the United States "may be arrested and detained pending a decision on whether the alien is to be removed from the United States" and may be released on bond. 8 U.S.C. § 1226(a)(2). Thus, this statute "establishes a discretionary detention framework," *Gomes,* 2025 WL 1869299, at *2, unlike the mandatory detention framework of § 1225(b)(2). Importantly, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306.

On July 8, 2025, the DHS issued a notice to all ICE employees, indicating that any noncitizen in the United States who has not been formally admitted or paroled shall be considered an applicant for admission and shall be subject to § 1225(b)(2). *See, e.g., Merino,* 2025 WL 2941609*, at* \*3 (citing ICE Memo: Interim Guidance Regarding Detention Authority for Applications for Admission, AILA Doc. No. 25071607 (July 8, 2025)). Following this interpretation, the BIA held in *Matter of Yajure Hurtado* that an immigration judge had no authority to provide a bond hearing to a noncitizen, who had been living in the United States for years without admission or parole, because he is an applicant for admission under § 1225(b)(2), subject to mandatory detention. 29 I&N Dec. 216 (BIA 2025).

District Courts have overwhelmingly rejected the BIA's interpretation. "DHS's interpretation of the applicability of § 1225(b)(2), rather than § 1226, to noncitizens who have resided in the country for years and were already in the United States when apprehended, runs afoul of the statutes' legislative history, plain meaning, and interpretation by courts in the First, Second, Fifth, Sixth, Eighth, and Ninth Circuits."[1] *Merino,* 2025 WL 2941609, at \*3 (citing cases); *see also Puga*, 2025 WL 2938369, at \*2 ("As explained, the statutory text, context, and scheme of section 1225 do not support a finding that a noncitizen is 'seeking admission' when he never sought to do so. Additionally, numerous courts that have examined the interpretation of section 1225 articulated by Respondents — particularly following the BIA's decision in *Matter of Yajure*

---

[1] The Court acknowledges the Fifth and Eighth Circuits' recent decisions in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), which agreed with the government's position here. But the Fifth Circuit's decision "distort[s] the statutory text, abstract[s] it from its context and history, ignore[s] the Supreme Court's clearly stated understanding of the statutory scheme, and wave[s] away the [government's] previous failure to detain millions of noncitizens as if it were a rounding error." *Buenrostro-Mendez*, 166 F.4th at 509 (Douglas, J., dissenting). Indeed, the Fifth Circuit's decision "is not binding here, and it contradicts the vast majority of district court opinions addressing the issue." *Lobovillalobos v. Hardin*, No. 2:26-cv-00446, 2026 U.S. Dist. LEXIS 45140, at \*2 n.1 (M.D. Fla. Mar. 5, 2026).

*Hurtado* — have rejected their construction and adopted Petitioner's."); *Nguyen*, 2025 WL 3451649, at *3; *Ardon-Quiroz,* 2025 WL 3451645, at *7.

The Court agrees that the plain reading of the statute supports a finding that Petitioner, who has been living in the United States since 2016, is governed by § 1226(a) and not § 1252(b)(2). Petitioner is therefore entitled to a bond hearing under § 1226(a), and Count III is granted in part.

The Court declines to reach the merits of Petitioner's due process claim in Counts I and II, as the Court is granting in part the relief requested for Count III. *See, e.g.*, *Nguyen*, 2025 WL 3451649, at *4 (declining to reach the merits of the petitioner's due process claim because it granted the requested relief in other counts but allowing the petitioner to reassert its due process claim if the respondents do not provide a bond hearing); *Puga*, 2025 WL 2938369, at *6 (same). If Respondents do not comply with this Order by providing Petitioner a bond hearing under § 1226(a), Petitioner may renew his other claims. Since Count I "is an unripe claim contingent on Petitioner not receiving a custody determination hearing under section 1226(a), 'the Court must dismiss it without prejudice[.]'" *Nguyen*, 2025 WL 3451649, at *4 (citing *Babilla v. Allstate Ins. Co.*, No. 20-cv-1434, 2020 WL 6870610, at *1 (M.D. Fla. Aug. 27, 2020)).

**B.      Exhaustion of Administrative Remedies**

Respondents also argue that the Court should dismiss the Petition because Petitioner has failed to exhaust administrative remedies. [ECF No. 6, Resp. in Opp., at 10–11]. Not so. "[E]xhaustion is not required where . . . an administrative appeal would be futile." *Linfors v. United States*, 673 F.2d 332, 334 (11th Cir. 1982) (citing *Von Hoffberg v. Alexander*, 615 F.2d 633, 638 (5th Cir. 1980)). Importantly, the exhaustion requirement under 8 U.S.C. § 1252(d)(1) is prudential, "not jurisdictional." *Kemokai v. U.S. Att'y Gen.,* 83 F.4th 886, 891 (11th Cir. 2023). Here, since any "subsequent bond appeal to the BIA is nearly a foregone conclusion under *Yajure*

*Hurtado*, any prudential exhaustion requirements are excused for futility." *Puga*, 2025 WL 2938369, at \*2; *see also Ardon-Quiroz v. Assistant Field Dir.,* No. 25-CV-25290-JB, 2025 WL 3451645, at \*5 (S.D. Fla. Dec. 1, 2025).

## IV.    CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

(1)    Petitioner Brayan Alexis Gramajo-Zabaleta's Verified Petition for Writ of Habeas Corpus, [ECF No. 1], is **GRANTED IN PART**. The Court finds that Petitioner falls under 8 U.S.C. § 1226(a).

(2)    Respondents shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) on or before **May 8, 2026**, or otherwise release Petitioner.

(3)    On or before **May 18, 2026**, Respondent shall file a Status Report informing the Court of whether Petitioner was given a bond hearing, the outcome of Petitioner's bond hearing, and the status of matters relevant to the Petition.

(4)    This case is **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of April, 2026.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE